O’NIELL, Chief Justice
 

 (concurring in the result).
 

 I concur in the decree declaring the defendant liable on the bond, for the reason that the transaction by which the plaintiffs in this case lost their $1,250 was a part of the real estate business for which Priest, Montagnet & Roshko, Inc., were chartered and licensed. This case is unlike one in which a real estate broker makes an isolated sale of a piece of property belonging to him individually, and not sold in connection with his real estate business. Act No. 236 of 1920 would lose much of its effect and usefulness if it should be construed so as to exempt from the provisions of Section 16 of the act, the promoting of a suburban addition, by a licensed real estate broker, by the buying of a large area of land and selling it off in suburban lots —say 451 lots — in connection with the business of the real estate broker. The condition of the bond, as prescribed in the concluding clause of Section 16 of the statute, is that the principle on the bond: “shall well and truly carry out the objects and purposes for which said agency, office or business shall have been established, and that such person, firm, partnership, association or corporation shall honestly conduct said business and shall pay all damages which may result from his or their actions as such real estate agents or
 
 *391
 
 brokers; and that any one who may have been injured or damaged by said agent or broker by any wrongful act done in the furtherance of said business or by any fraud or misrepresentation by said agent or broker shall have the right to sue for the recovery of such damages before any Court of competent jurisdiction.”
 

 I do not attach much importance to the method of punctuating the provisions of Section 2 of the statute, where it is said: “The provisions of this Act shall not apply to any person, firm, partnership, association, co-partnership or corporation, who, as owner or lessor, shall either individually or through an employee or representative not otherwise engaged in the real estate business perform any of the acts aforesaid with reference to property owned by them”, and so forth. It should go without saying that the provisions of the act should not apply to a person who makes an isolated sale of property owned by him, and who* is not engaged.in the real estate business. But my opinion is that the adjective phrase “not otherwise engaged in the real estate business” qualifies only “an employee or representative”. The phrase does not have reference to the person who sells or leases his own property. If a person who sells or leases his own property is engaged in the real estate business, he is governed by the act because of his being engaged in the real estate business and not because of the selling or leasing of his own property; but, if he is not engaged in the real estate business, an isolated transaction in which he sells or leases his own property does not subject him to the provisions of the act, because such a transaction does not constitute engaging in the real estate business. Hence there is no reason why the adjective phrase “not otherwise engaged in the real estate business” should apply to a person or firm or corporation who makes an isolated sale or lease of his or its own property.